IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-31352

ANTONIO BOSLEY,

Petitioner - Appellee,

versus

BURL CAIN, WARDEN, Louisiana State Penitentiary,

Respondent - Appellant,

JERRY JONES, District Attorney,

Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-827)

October 1, 2002

Before GARWOOD and CLEMENT, Circuit Judges, and RESTANI, Judge.[*]

PER CURIAM:[**]

    We find that the district court erred in its determination that Antonio Bosley's discrimination

    [*] Judge of the United States Court of International Trade, sitting by designation.

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim was not procedurally barred. The Louisiana Second Circuit Court of Appeal clearly found that Bosley had procedurally defaulted this claim by failing to file a pre-trial motion to quash his indictment as required under Louisiana law. Because a federal court reviewing a state prisoner's habeas petition must respect the state court's determination that a claim is procedurally barred pursuant to state law, Williams v. Cain, 125 F.3d 269, 275 (5th Cir. 1997) (citing Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977)), the judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent with this opinion.